UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF SOUTH, DAKOTA; KEN SANTEMA, State Chair of the Libertarian Party of South Dakota; BOB NEWLAND; CONSTITUTION PARTY OF SOUTH DAKOTA; LORI STACEY, State Chair of the Constitution Party of South Dakota; JOY HOWE; <br><br> Plaintiffs, <br><br> v. <br><br> SHANTEL KREBS, in her official Capacity as Secretary of State of South Dakota; and MARTY JACKLEY, in his official capacity as Attorney General of South Dakota, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 15-4111 <br><br><br><br> BRIEF IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION FOR CHANGE OF VENUE |

This action was commenced pursuant to 42 U.S.C. § 1983. Plaintiffs assert a portion of Senate Bill 69 is unconstitutional and seek declaratory and injunctive relief. Defendants now come before the Court and ask that Plaintiffs' claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendants alternatively request this case be transferred from the Southern Division of the United States District Court, District of South Dakota, to the Central Division of the United States District Court, District of South Dakota, pursuant to 28 U.S.C § 1404.

## BACKGROUND

Senate Bill 69 (SB 69) was introduced during South Dakota's 2015 Legislative Session as "[a]n act to revise certain provisions regarding elections and election petitions." Krebs Affidavit, Attachment 1. SB 69 was signed into law by Governor Dennis Daugaard on March 20, 2015, and subsequently filed with the Secretary of State's Office. *Id.* SB 69 was previously scheduled to go into effect on July 1, 2015. *See* SDCL 2-14-16 (providing an act generally takes effect "the first day of July after its passage").

The effective date of any legislative act, however, is "[s]ubject to the provisions of the Constitution and statutes relating to vetoes and the referendum[.]" SDCL 2-14-16. South Dakota Constitution Article III, § 1 provides that "the people expressly reserve to themselves the right . . . to require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect[.]" SDCL 2-1-3.1 outlines the process by which laws passed by the South Dakota Legislature can be referred to a vote.

On the afternoon of June 29, 2015, a referendum petition for SB 69 was submitted to the Secretary of State's Office. Krebs Affidavit. The Secretary of State's Office reviewed the SB 69 petitions pursuant to: (1) ARSD 5:02:08:00.05, which outlines the "[m]ethodology for conducting the random sample for a[] . . . referred law"; (2) ARSD 5:02:08:00, which outlines "[g]uidelines for acceptance of petitions"; and (3) ARSD 5:02:08:00.01, which outlines the "[r]equirements for counting signatures on petitions." *Id.* On the

evening of June 29, 2015, the Secretary of State's Office determined that a sufficient number of valid signatures were submitted to file the referral of SB 69.  *Id.*  Accordingly, SB 69 is currently scheduled to appear on the ballot in the 2016 general election as "Referred Law 19."[*]  Krebs Affidavit, Attachment 2. Due to the successful referral of SB 69, the act did not become South Dakota law on July 1, 2015.  *Id.*; *see also* SDCL 2-14-16.  SB 69 is not the current state of the law and cannot become law until November 2016.  Furthermore, SB 69 may never become the law unless it is approved by the voters in the 2016 general election.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss an action for lack of subject matter jurisdiction.  It is a rule "rooted in the unique nature of the jurisdictional question."  *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Under a motion to dismiss based on lack of subject matter jurisdiction, a defendant may challenge either the plaintiff's complaint on its face or based on the factual truthfulness of the claims.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn*, 918 F.2d at 729 n.6.  "Ripeness is peculiarly

---

[*] On July 8, 2015, the Secretary of State's Office sent a letter to the petition sponsor notifying him that a sufficient number of signatures were found to file the referral of SB 69.  Krebs Affidavit, Attachment 2.  The petition sponsor was also notified that anyone wishing to challenge the validation of the petition will have 30 days to conduct such a challenge.  *Id.*  Pursuant to SDCL 12-1-13, the deadline for such a challenge is July 29, 2015, at 5 p.m.  *Id.*  At this juncture, there has been no challenge to the validation of the SB 69 petition filed with the Secretary of State's Office.  *Id.*

3

a question of timing and is governed by the situation at the time of review, rather than the situation at the time of the events under review." *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 867 (8th Cir. 2013) (quotations and citation omitted).

The plaintiff carries the burden of showing that jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). At issue in a factual 12(b)(1) motion is the trial court's jurisdiction. Accordingly, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730. The existence of disputed material facts, therefore, does not prevent the trial court from analyzing the merits of the jurisdictional claims, and no presumptive truthfulness attaches to the facts alleged in the complaint. *Id.*

## ARGUMENT

### *This Claim is Not Ripe for Review*

Plaintiffs cannot establish standing because this claim is not ripe for the Court's review. Under Article III there must be a case or controversy at every stage of the litigation, which requires "a definite and concrete controversy involving adverse legal interests[.]" *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 983 (8th Cir. 2009) (quoting *McFarlin v. Newport Spec. Sch. Dist.*, 980 F.2d 1208, 1210 (8th Cir. 1992)). "Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case." *Id.* (quoting *Schanou v. Lancaster Cnty. Sch. Dist. No. 160*, 62 F.3d 1040, 1042 (8th

4

Cir. 1995)). "Ripeness is demonstrated by a showing that a live controversy exists such that the plaintiffs will sustain immediate injury from the operation of the challenged action, and that the injury will be redressed by the relief requested." *Wersal v. Sexton*, 674 F.3d 1010, 1018 (8th Cir. 2012).

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Texas v. U.S.*, 523 U.S. 296, 300 (1998); *see also Parrish v. Dayton*, 761 F.3d 873, 876 (8th Cir. 2014). "The ripeness inquiry requires examination of both the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.' " *Parrish*, 761 F.3d at 876 (8th Cir. 2014) (citation omitted). "The fitness prong 'safeguards against judicial review of hypothetical or speculative disagreements.' " *Id.* (quoting *Nebraska Pub. Power Dist.*, 234 F.3d 1032, 1038 (8th Cir. 2000). "The hardship prong asks whether delayed review 'inflicts significant practical harm' on the plaintiffs." *Id.* (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726 (1998). "The touchstone of the ripeness inquiry is whether the harm asserted has matured enough to warrant judicial intervention." *Id.* (quoting *Vogel v. Foth & Van Dyke Assocs., Inc.*, 266 F.3d 838, 840 (8th Cir. 2001). Although the potential injury need not be consummated it must be "certainly impending[.]" *Id.*

First, Plaintiffs' claim is hypothetical. Accordingly, Plaintiffs cannot establish fitness for judicial review. *Parrish*, 761 F.3d at 876. The enactment of SB 69 is too uncertain for this Court to review the merits of Plaintiffs' claim at this juncture. A decision on the merits at this point would be purely

advisory as SB 69 has not been enacted into law. *See KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) ("Article III limits the federal courts to deciding 'Cases' and 'Controversies' and thus prohibits us from issuing advisory opinions."). The status of SB 69 is now in the hands of the 2016 voters and challenges to laws that have not yet gone into effect are premature. *See Women's Health Center of West Cnty., Inc. v. Webster*, 670 F. Supp. 845, 850-51 (E.D. Mo. 1987) (dismissing a challenge to Missouri State law when the amendment had "not yet been promulgated").

Second, the hardship to the parties, also points in favor of dismissal. Delayed review would not inflict "significant practical harm on the plaintiffs." *Parrish*, 761 F.3d at 876 (internal quotation marks omitted). If SB 69 were to become South Dakota law in November 2016, there would be sufficient time for Plaintiffs to make a challenge prior to the date that the alleged injury would be incurred. Because this claim is not fit for the Court's review, and delayed review would not inflict significant harm on Plaintiffs, dismissal is warranted.

Plaintiffs cannot meet their burden of establishing that jurisdiction exists because there is no case or controversy that is ripe for the Court to adjudicate. Accordingly, any potential injury to the Plaintiffs is speculative, uncertain, and not imminent. For those reasons, Defendants request that Plaintiffs' claim be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

*Improper Venue*

The appropriate venue for the instant action is the United States District Court for the District of South Dakota, Central Division.  Therefore, Defendants alternatively ask the Court to transfer this action from the Southern Division to the Central Division pursuant to 28 U.S.C. § 1404.  Pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  This statute "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper."  *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1964).  "Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one."  *Id.*

Several factors support that the interests of justice require that this case be transferred to the Central Division for the convenience of the parties.  Both Defendants reside in the Pierre area. Krebs Affidavit; Jackley Affidavit.  Both Defendants are sued in their official capacities and perform the majority of their official functions in Pierre South Dakota.  *Id.*  The seat of government for the State of South Dakota is Hughes County, Pierre, South Dakota.  Jackley Affidavit.

Further, a substantial part of the events giving rise to the claim have taken place in Pierre, South Dakota.  Senate Bill 69 was introduced in the

2015 Legislative Session in Pierre, South Dakota.  Krebs Affidavit, Attachment 1.  The bill was signed by South Dakota Governor Dennis Daugaard in Pierre, South Dakota on March 20, 2015.  Krebs Affidavit, Attachment 1.  There can be no question that the Legislative process surrounding the creation and enactment of South Dakota law takes place in Pierre, South Dakota.  Accordingly, in the interests of justice, Defendants request this matter be transferred to the Central Division.

## CONCLUSION

For the above stated reasons, Defendants respectfully request the complaint be dismissed.  Alternatively, Defendants request a change of venue from the Southern Division to the Central Division.

Dated this 9th day of July, 2015.

/s/  Ellie J. Bailey
Ellie J. Bailey
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre, SD  57501-8501
Email: Ellie.Bailey@state.sd.us
Telephone: (605) 773-3215