UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF SOUTH, DAKOTA; KEN SANTEMA, State Chair of the Libertarian Party of South Dakota; BOB NEWLAND; CONSTITUTION PARTY OF SOUTH DAKOTA; LORI STACEY, State Chair of the Constitution Party of South Dakota; JOY HOWE; | ) ) ) ) ) ) ) ) ) | Civ. No. 15-4111 |
| Plaintiffs, | ) ) | REPLY BRIEF IN RESPONSE TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND ALTERNATIVE MOTION FOR FOR CHANGE OF VENUE |
| v. | ) ) | |
| SHANTEL KREBS, in her official Capacity as Secretary of State of South Dakota; and MARTY JACKLEY, in his official capacity as Attorney General of South Dakota, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

Defendants filed a motion to dismiss and alternative motion for change of venue. Doc. 8. Plaintiffs have opposed both motions. Doc. 14. Plaintiffs also filed a motion requesting leave to amend their original complaint.[1] Doc. 12. Defendants now file this response to Plaintiffs' opposition to Defendants' motion to dismiss and alternative motion for change of venue.

Defendants rely on the background information provided in their original motion, with one addition. At the time Defendants' motion to dismiss was filed,

---
[1] Defendants will respond to this motion in a separate filing.

1

there remained a possibility that the validation of the SB 69 referral petition could be challenged. Doc. 10, Attachment 2. The deadline for such challenge ran on July 29, 2015, at 5pm. *Id.*; *see also* SDCL 12-1-13. No challenge was filed. Krebs Affidavit. Accordingly, SB 69 will appear on the general election ballot in November 2016 as Referred Law 19. *Id.*

## ARGUMENT

*Plaintiffs' Claim is Not Ripe for Review*

Plaintiffs' claim should be dismissed. Article III requires a case or controversy at every stage of the litigation, which requires "a definite and concrete controversy involving adverse legal interests[.]" *Gray v. City of Valley Park, Mo.,* 567 F.3d 976, 983 (8th Cir. 2009) (quoting *McFarlin v. Newport Spec. Sch. Dist.,* 980 F.2d 1208, 1210 (8th Cir. 1992)). "Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case." *Id.* (quoting *Schanou v. Lancaster Cnty. Sch. Dist. No. 160*, 62 F.3d 1040, 1042 (8th Cir. 1995)).

SB 69 was not enacted into law. It may never become South Dakota law. The status of the law depends entirely on the will of the voters in the 2016 general election. The 2016 general election is over fifteen months away. The enactment of SB 69 is purely hypothetical, which renders Plaintiffs' claim unripe for this Court's review.

Plaintiffs suggest that dismissal of the current action would "inject uncertainly and instability into the state's electoral scheme." Doc. 14 p. 3. This claim is without merit. The current state of the law is clear. The

successful referral of SB 69 halted its enactment.  The applicable election laws remain unchanged.  Plaintiffs seem to suggest that the law may, in this instance, be applied retroactively.  From a practical standpoint, this suggestion is absurd.  If the voters determine that SB 69 should become law in November 2016, the law will go into effect after the vote.  Doc. 10.  Plaintiffs cite no authority for the proposition that SB 69 could be retroactively applied.  Plaintiffs' suggestion stands contrary to South Dakota Constitution Article III, § 1, which provides that "the people expressly reserve to themselves the right . . . to require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect[.]"  The electors will determine whether SB 69 goes into effect – for this reason, SB 69 cannot possibly become law until South Dakota voters have their say.  Further, "the general rule of statutory construction is that a statute will not operate retroactively unless the act clearly expresses an intent to do so."  *West v. John Morrell,* 460 N.W.2d 745, 747 (1990) (citing SDCL 2-14-21).  SB 69 does not provide that it would be retroactively applied.

      Plaintiffs further contend that "[f]ailure to review the constitutionality of SB 69 before it is submitted to the electorate could also result in a useless expenditure of money and effort."  Doc. 14, p. 4.  To the contrary, a review of the constitutionality of SB 69 before it actually becomes law would constitute an unreasonable use of this Court's resources.  This Court is not in the business of issuing advisory opinions, and any opinion regarding the constitutionality of SB 69 at this juncture would be purely advisory.  *See KCCP*

*Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) ("Article III limits the federal courts to deciding 'Cases' and 'Controversies' and thus prohibits us from issuing advisory opinions.").

Plaintiffs cannot meet their burden of establishing that jurisdiction exists because there is no case or controversy that is ripe for the Court to adjudicate. Accordingly, any potential injury to the Plaintiffs is speculative, uncertain, and not imminent. For those reasons, Defendants request Plaintiffs' claim be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

*Change of Venue is Appropriate*

Defendants have alternatively requested a change of venue pursuant to 28 U.S.C. § 1404. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). The analysis "calls upon the district court to weigh in the balance a number of case-specific factors." *Id.* The "myriad of factors" relevant to the Court's determination may include:

> the convenience of the parties, the convenience of the witnesses, the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and practical considerations indicating where the case can be tried more expeditiously and inexpensively.

*Arkansas Right to Life State Political Action Comm. v. Butler*, 972 F.Supp. 1187, 1193 (W.D. AK 1997).

Should this Court decide to address the merits of Plaintiffs' claim, the appropriate venue is the Central Division.  28 U.S.C. § 1404(b) provides that cases may be brought in "a judicial district in which a substantial part of the events or omissions given rise to the claim occurred[.]"  A substantial part of the events related to Plaintiffs' claim have taken place or will take place in Pierre, SD.  Doc. 10; Doc. 11; Krebs Affidavit.

SB 69 was signed into law in Pierre, SD.  Doc. 10.  The referral of SB 69 was filed in the Secretary of State's Office in Pierre, SD.  *Id.*  Any challenge to the validation of the SB 69 referral petition would have been filed in the Secretary of State's Office in Pierre, SD.  Krebs Affidavit.  In addition, Plaintiffs' claim challenges a filing deadline set forth in SB 69, which if adopted by the voters would be codified in SDCL 12-5-1.  Filings made pursuant to SDCL 12-5-1 are filed with the Secretary of State's Office in Pierre, SD.  Krebs Affidavit.  Accordingly, the heart of the Plaintiffs' challenge relates to filings required to be made with the Secretary of State's Office in Pierre, SD.  For that reason, access to sources of proof, convenience to potential witnesses, and practical considerations related to where the case may be tried weigh in favor of venue in the Central Division.  Furthermore, transfer at this juncture would not lead to delay or prejudice.

Despite Plaintiffs' claim, Defendants do not contend that every constitutional challenge need be brought in the Central Division.  To the contrary, constitutional challenges are most appropriately brought in the venue in which the alleged constitutional violation occurred.  Plaintiffs' claim has no

5

factual relationship to the chosen venue, the Southern Division, with the exception of the geographical location of some of the Plaintiffs. That alone, is an insufficient basis on which to base venue. For that reason, Defendants request this Court enter an order transferring venue from the Southern Division to the Central Division.

## CONCLUSION

For the above stated reasons, Defendants respectfully request the complaint be dismissed. Alternatively, Defendants request a change of venue from the Southern Division to the Central Division.

Dated this 5th day of August, 2015

/s/  *Ellie J. Bailey*
Ellie J. Bailey
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre, SD  57501-8501
Email: Ellie.Bailey@state.sd.us
Telephone: (605) 773-3215

## Certificate of Service

I hereby certify that on the 5th day of August, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Ellie Bailey*
Ellie J. Bailey
Assistant Attorney General