UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF SOUTH DAKOTA;<br>KEN SANTEMA, State Chair of the Libertarian Party of South Dakota;<br>BOB NEWLAND;<br>CONSTITUTION PARTY OF SOUTH DAKOTA;<br>LORI STACEY, State Chair of the Constitution Party of South Dakota; and JOY HOWE,<br><br>               Plaintiffs,<br><br>vs.<br><br>SHANTEL KREBS, in her official capacity as Secretary of State of the State of South Dakota; and<br>MARTY J. JACKLEY, in his official capacity as Attorney General of the State of South Dakota;<br><br>               Defendants. | 4:15-CV-04111-KES<br><br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVE MOTION FOR CHANGE OF VENUE |

      Plaintiffs, the Libertarian Party of South Dakota, Ken Santema, Bob Newland, the Constitution Party of South Dakota, Lori Stacey, and Joy Howe, bring suit against defendants, Shantel Krebs and Marty J. Jackley. Plaintiffs challenge the constitutionality of Senate Bill 69, which amends the date new political parties must file their written declaration to appear on the general election ballot. Defendants move to dismiss plaintiffs' complaint or, in the alternative, transfer venue to the District Court of South Dakota, Central Division. Plaintiffs

move to amend their complaint to include a challenge to the current version of SDCL 12-5-1. This court grants in part and denies in part both motions.

## BACKGROUND

The facts as alleged by plaintiffs are as follows:

A new political party, if it complies with SDCL 12-5-1, may participate in the South Dakota primary election. The new party must submit "a written declaration signed by at least two and one-half percent of the voters of the state . . ." by "the last Tuesday of March at five p.m." SDCL 12-5-1. In 2015, the South Dakota legislature passed SB 69, which changes the filing deadline in SDCL 12-5-1 from the "last Tuesday of March" to the "first Tuesday of March." Governor Dennis Daugaard signed SB 69 into law on March 20, 2015.

Generally, laws passed during the regular legislative session take effect the subsequent July first;[1] however, the people of South Dakota reserve the right to challenge recently passed legislation by filing a petition with the Secretary of State's office for a statewide voter referendum. SDCL 2-1-3. If the petition is successful, the legislation will not go into effect unless a majority of voters approve. In this litigation, plaintiffs filed their complaint before a valid referendum petition for SB 69 was filed. SB 69 is scheduled to appear on the 2016 general election ballot as "Referred Law 19."

Defendants move to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, transfer venue to the District Court of South Dakota, Central Division. Because plaintiffs' complaint challenges only SB 69, plaintiffs move to amend their complaint—adding a challenge to SDCL 12-5-1.

---

[1] SDCL 2-14-16.

2

## I. Motion to Amend Complaint[2]

### STANDARD OF REVIEW

Motions to amend are freely granted when justice so requires. Fed. R. Civ. P. 15(a). The Eighth Circuit Court of Appeals takes a "liberal viewpoint towards leave to amend" and leave "should normally be granted absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). Leave to amend is denied only if evidence exists such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).

### DISCUSSION

Defendants argue two reasons why plaintiffs' amended complaint would not survive a motion to dismiss: (1) plaintiffs have not sustained an injury-in-fact; and (2) plaintiffs have failed to satisfy a prerequisite to suit by not attempting to comply with SDCL 12-5-1. This court is not persuaded by either argument.

---

[2] Plaintiffs move to amend their complaint to include a challenge to SDCL 12-5-1. Defendants object both to the amendment and the current challenge to SB 69. This section of the court's order will address only the challenge to SDCL 12-5-1. Because the portion of plaintiffs' complaint challenging SB 69 is inextricably tied to defendants' motion to dismiss, both of those issues will be addressed in the motion to dismiss section of this order.

**A.     Injury-in-fact**

The Eighth Circuit Court of Appeals recognizes a voter's right to challenge ballot access laws. In *McLain v. Meier*, 851 F.2d 1045 (8th Cir. 1988), the Eighth Circuit Court of Appeals held Presidential Candidate Harley McLain could challenge North Dakota's ballot access law based on his standing as a voter, not a candidate.[3] The Eighth Circuit explained the ballot access law would "restrict [McLain's] ability to vote for the candidate of his choice or dilute the effect of his vote if his chosen candidate were not fairly presented to the voting public." *Id.* at 1048. The Eighth Circuit's primary concern was the law's impact on "voters who [choose] to associate together to express their support" for a candidate, not the impact on the candidate. *Id.* (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 806 (1983)). McLain could challenge the law because it impacted his right to vote. *Id.*; *cf. Green Party of Ark. v. Martin*, 649 F.3d 675 (8th Cir. 2011) (The Eighth Circuit allowed the Green Party to challenge Arkansas's ballot access law, which required new political parties to file a petition with 10,000 signatures before appearing on the primary election ballot.)

Plaintiffs here have shown an injury-in-fact, not merely a generalized grievance. The law's impact on plaintiffs' right to vote is sufficient to provide plaintiffs standing. The restrictive nature of SDCL 12-5-1 impacts plaintiffs' candidates, whom plaintiffs support. Because SDCL 12-5-1 may unconstitutionally exclude plaintiffs' candidate-of-choice from the primary election, plaintiffs have standing to challenge the law.

---

[3] The Eighth Circuit noted McLain could not be president because he did not meet the constitutional age requirement by the 1984 presidential inauguration. *Id.* at 1047-48.

4

### B.     Attempted compliance

Although the Supreme Court and the Eighth Circuit Court of Appeals have not expressly stated whether plaintiffs must attempt to comply with ballot access laws before challenging them, the Supreme Court dealt with a similar situation in *Williams v. Rhodes*, 393 U.S. 23 (1968). In *Williams*, the Supreme Court allowed the Ohio American Independent Party and the Socialist Labor Party to challenge ballot access laws without first attempting compliance. The Court concluded it had jurisdiction,[4] even though the Socialist Labor Party "did not even attempt to comply with the statutory" requirements of the ballot access law. *Id.* at 45-46 (Harlan, J., concurring); *See also id.* at 65 (Warren, J., dissenting) (stating "Nevertheless, neither the American Independent Party nor the Socialist Labor Party made an effort to comply with Ohio's election laws.") The Court decided the case on its merits and concluded that both political parties had standing to bring suit. *See id.* at 28 (majority opinion).

Plaintiffs have standing to challenge SDCL 12-5-1, even if plaintiffs have not attempted to comply with the statute. Similar to the Socialist Labor Party in *Williams*, plaintiffs have not attempted to comply with South Dakota's ballot access law. As shown in *Williams*, this is not a bar to litigation. Plaintiffs have standing to bring their claim.

Because plaintiffs' proposed amended complaint would survive a motion to dismiss, the amendment is not futile. In keeping with the Eighth Circuit Court of Appeals' view that leave to amend should be freely given, plaintiffs may amend their complaint to include a challenge to SDCL 12-5-1.

---

[4] *Id.* at 28.

## II. Motion to Dismiss[5]

### STANDARD OF REVIEW

Defendants' motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. A party challenging subject-matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The court considers matters outside the pleadings without giving the nonmoving party the benefit of the Rule 12(b)(6) safeguards. *Id.* at 729-30. The plaintiff carries the burden of showing that jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted).

Because federal courts are courts of limited jurisdiction, they only have the ability to hear cases that are " 'authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.' " *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982-83 (8th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Under Article III there must be a case or controversy at every stage of the litigation, which requires " 'a definite and concrete controversy involving adverse legal interests[.]' " *Id.* at 983 (quoting *McFarlin v. Newport Spec. Sch. Dist.*, 980 F.2d 1208, 1210 (8th Cir. 1992)). " 'Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case.' " *Id.* (quoting *Schanou v. Lancaster Cty. Sch. Dist. No. 160*, 62 F.3d 1040, 1042 (8th Cir. 1995)). This requirement, also known as a matter's justiciability, is typically tested by three doctrines: ripeness, mootness,

---

[5] This section addresses plaintiffs' challenge to SB 69.

and standing. *Id.* Thus, a suit brought by a plaintiff that is not ripe is not a case or controversy, and an Article III federal court lacks subject-matter jurisdiction over the suit. *See KCCP Trust v. City of North Kansas*, 432 F.3d 897, 899 (8th Cir. 2005).

"The touchstone of a ripeness inquiry is whether the harm asserted has 'matured enough to warrant judicial intervention.' " *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (quoting *Vogel v. Foth & Van Dyke Assocs., Inc.*, 266 F.3d 838, 840 (8th Cir. 2001)). A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Id.* at 875-76 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998). When determining whether an issue is ripe, the court examines "both the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.' " *Id.* at 875 (quoting *Neb. Pub. Power Dist. v. MidAm. Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000)). "The fitness prong 'safeguards against judicial review of hypothetical or speculative disagreements.' " *Id.* (quoting *Neb. Pub. Power Dist.*, 234 F.3d at 1038). "The hardship prong asks whether delayed review 'inflicts significant practical harm' on the plaintiffs." *Id.* at 875.

In South Dakota, a bill signed by the governor, but referred to the voters by referendum, is unable to take effect until it is passed in the general election. *SDDS, Inc. v. State*, 481 N.W.2d 270, 271 (S.D. 1992). A bill cannot become a law until there is "legislative enactment, gubernatorial approval, and referendum when referendum petitions are properly filed." *Id.* at 272. Until all three requirements are met, a bill has no impact.

Because SB 69 may never become law in South Dakota, any challenge to the bill at this point would be hypothetical and speculative. Plaintiffs argue their claim "fully matured" when SB 69 was "scheduled to go into effect on July 1, 2015 . . . ." Docket 14 at 3. Plaintiffs' claim, however, did not mature until the deadline for referendum petitions had passed, which is "ninety days after the adjournment of the Legislature which passed the referred law." SDCL 2-1-3.1. Now, because SB 69 was successfully petitioned by voters, plaintiffs' claim will not mature, if at all, until after the November election. Because plaintiffs' challenge to SB 69 is not ripe for judicial review, plaintiffs' challenge to SB 69 is dismissed without prejudice.

### III. Motion to Change Venue

Defendants argue venue should be transferred to the District of South Dakota, Central Division. A case may be transferred, under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought or to any district or division to which all parties have consented." The statute permits "transfer to a more convenient forum, even though the venue is proper." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1946)). The plaintiff's choice of forum, however, is given considerable deference, and the party seeking transfer bears the burden of proving transfer is warranted. *Id.* at 913 (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997)). Although there is not an "exhaustive list of specific factors to consider,"[6] courts weigh any " 'case-specific factors' relevant to convenience and fairness to

---

[6] *Id.* at 912 (citing *Terra Int'l*, 119 F.3d at 691).

determine whether transfer is warranted."[7] Factors may include "convenience to the parties and witnesses," "location of documents," and "the place where the alleged wrongs occurred."

This court finds that defendants' arguments do not overcome the presumption in favor of plaintiffs' choice of forum. The challenged law, SDCL 12-5-1, is applicable throughout the state. Thus, the law can be challenged in any division within the District of South Dakota. Additionally, two of the plaintiffs, Joy Howe and Lori Stacey, reside in the Southern Division, and no plaintiffs reside in the Central Division. Docket 14 at 5-6. Unlike *In re Apple, Inc.*, the primary case cited by defendants, plaintiffs in this case are not aliens to the forum, and plaintiffs do not seek to litigate in the Southern Division because the applicable law is more favorable than the Central Division. For these reasons, defendants are unable to overcome the presumption in favor of plaintiffs' choice of forum.

## CONCLUSION

Plaintiffs' amendment to the complaint is not futile because plaintiffs have standing to challenge SDCL 12-5-1; however, any challenge to SB 69 is not ripe until after the November general election. Additionally, this court will not transfer this litigation to the District of South Dakota, Central Division. Accordingly, it is

ORDERED that plaintiffs' motion to amend their complaint (Docket 12) is granted. Plaintiffs may amend their complaint to challenge the current version of SDCL 12-5-1.

IT IS FURTHER ORDERED that defendants' motion to dismiss and alternative motion to change venue (Docket 8) is granted in part and denied in

---

[7] *Id.* (citing *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

part. Plaintiffs may not challenge SB 69 at this time. Venue will not be transferred from the District of South Dakota, Southern Division.

Dated this 26th day of January 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE