UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF SOUTH DAKOTA;<br>KEN SANTEMA, State Chair of the Libertarian Party of South Dakota;<br>BOB NEWLAND;<br>CONSTITUTION PARTY OF SOUTH DAKOTA;<br>LORI STACEY, State Chair of the Constitution Party of South Dakota; and JOY HOWE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SHANTEL KREBS, in her official capacity as Secretary of State of the State of South Dakota; and<br>MARTY J. JACKLEY, in his official capacity as Attorney General of the State of South Dakota,<br><br>    Defendants. | 4:15-CV-04111-KES<br><br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION |

Plaintiffs brought suit against defendants seeking in part a declaratory judgment that SDCL 12-5-1 is unconstitutional. Plaintiffs now move for a permanent injunction that would enjoin Secretary of State Shantel Krebs from continuing to refuse to place the names of Kurt Evans and Wayne Schmidt on the upcoming general election ballot as Constitution Party Candidates for the

office of United States Senate and State House, respectively. The court denies plaintiffs' motion.

## BACKGROUND

In 2012, the Libertarian Party and the Constitution Party sought to become recognized political parties in South Dakota. This required both parties to comply with SDCL 12-5-1. The statute states:

> A new political party may be organized and participate in the primary election by filing with the secretary of state not later than the last Tuesday of March at five p.m. prior to the date of the primary election, a written declaration signed by at least two and one-half percent of the voters of the state as shown by the total vote cast for Governor at the last preceding gubernatorial election .
> . . .

SDCL 12-5-1. Both parties met the March deadline and filed valid declarations with the Secretary of State. Docket 19 at 5. Both parties appeared on the primary and general election ballot in 2012 and 2014. During the 2014 general election, neither party had candidates for governor, so neither party received the 2.5% of votes necessary to maintain its political party status. Docket 28 at 2. In 2016, both parties filed new declarations with the South Dakota Secretary of State. Docket 41 at 1-2. Based on the procedures set out in SDCL 12-5-1, declarations were due March 29 and needed to be signed by 6,936 voters. Docket 28 at 5. Both parties successfully had over 6,936 voters sign their petitions, and both parties are now recognized political parties in South Dakota. Docket 45 at 2.

Plaintiffs initiated this action on June 15, 2015, seeking to have their parties' candidates for president placed on the November general election

ballot. Docket 1. On January 26, 2016, the court granted plaintiffs' motion to amend the complaint and denied defendants' motion to dismiss the case or change venue. Docket 18. Plaintiffs filed their amended complaint on January 28, 2016. Docket 19 at 4. Plaintiffs, in their amended complaint, allege that "South Dakota's deadline for a new or previously unqualified party to qualify to place its presidential candidates on the general election ballot with the party label is one of the earliest in the nation." Docket 19 at 6. Plaintiffs also allege that "[e]ach of the two Plaintiff Parties fully intends to nominate a presidential candidate" in this upcoming election. *Id.* at 7. In their prayer for relief section of the amended complaint, plaintiffs seek a declaratory judgment that the deadlines set forth in SDCL 12-5-1 for new political parties to submit signed petitions to organize and participate in the elections be declared unconstitutional and that defendants be enjoined from enforcing those deadlines.

On March 3, 2016, defendants moved for summary judgment. Docket 25. This court denied the motion. Docket 43. The parties have now filed new motions for summary judgment, and plaintiffs have filed a motion for a permanent injunction.

## DISCUSSION

Plaintiffs seek a permanent injunction that would order the Secretary of State to place the two Constitution Party candidates on the November general election ballot. Kurt Evans seeks to appear as a candidate for the United States Senate, and Wayne Schmidt seeks to appear as a candidate for South Dakota

3

State House. In their amended complaint, plaintiffs challenge the constitutionality of SDCL 12-5-1. To be successful on their motion for a permanent injunction, this court would have to address the constitutionality of SDCL 12-5-21.[1] But plaintiffs did not challenge the constitutionality of SDCL 12-5-21 in their amended complaint. And in their prayer for relief, plaintiffs did not seek declaratory or injunctive relief related to ballot access for candidates who were not identified as those who could be nominated by a party state convention under SDCL 12-5-21. Plaintiffs' amended complaint only sought to have presidential candidates placed on the general election ballot. This court finds that plaintiffs' motion for a permanent injunction compelling the Secretary of State to place the names of a United States Senate candidate and a state House of Representative candidate on the November ballot lies outside of the issues raised in the amended complaint. Thus, plaintiffs' motion for a permanent injunction to enjoin Secretary of State Shantel Krebs from continuing to refuse to place the name of Kurt Evans and Wayne Schmidt on the upcoming general election ballot as Constitution Party candidates is denied.

---

[1] The text of the statute states:
> The state convention shall nominate candidates for lieutenant governor, attorney general, secretary of state, state auditor, state treasurer, commissioner of school and public lands, and public utilities commissioner and in the years when a President of the United States is to be elected, presidential electors and national committeeman and national committeewoman of the party.

SDCL 12-5-21

**CONCLUSION**

Plaintiffs' motion for a permanent injunction is denied because the relief requested was not raised in plaintiffs' amended complaint. Good cause appearing, it is

ORDERED plaintiffs' motion (Docket 60) is denied.

DATED this 15th day of August, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE