UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF SOUTH DAKOTA;<br>KEN SANTEMA, State Chair of the Libertarian Party of South Dakota;<br>BOB NEWLAND;<br>CONSTITUTION PARTY OF SOUTH DAKOTA;<br>LORI STACEY, State Chair of the Constitution Party of South Dakota; and JOY HOWE,<br><br>     Plaintiffs,<br><br> vs.<br><br>SHANTEL KREBS, in her official capacity as Secretary of State of the State of South Dakota; and<br>MARTY J. JACKLEY, in his official capacity as Attorney General of the State of South Dakota,<br><br>     Defendants. | 4:15-CV-04111-KES<br><br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

Plaintiffs brought suit against defendants seeking in part a declaratory judgment that SDCL 12-5-1 is unconstitutional. Plaintiffs also sought a permanent injunction that would require the South Dakota Secretary of State Shantel Krebs to place two Constitution Party candidates on the November 2016 general election ballot. Docket 60. This court denied the motion. Plaintiffs now move the court to reconsider its order. The court denies plaintiffs' motion.

## BACKGROUND

Plaintiffs filed their initial complaint on June 15, 2015. Docket 1. Plaintiffs brought suit challenging the newly signed legislation SB 69. *Id.* at 4. The bill amended SDCL 12-5-1 so that a new political party needed to submit its petition for state recognition to the Secretary of State by the first Tuesday in March rather than the last Tuesday in March. *Id.* After plaintiffs filed their complaint, a referendum petition signed by South Dakota voters was submitted to the South Dakota Secretary of State. Docket 9 at 2-3. After the Secretary of State's Office reviewed the petition and found that the required number of valid signatures were present, the Secretary of State's Office scheduled SB 69 to appear on the 2016 general election ballot. Defendants then filed a motion to dismiss this case as moot. Docket 8. Plaintiffs responded by filing a motion to amend the complaint. Docket 12. This court denied defendants' motion to dismiss and granted plaintiffs' motion to amend. Docket 18.

Next plaintiffs' filed their amended complaint, challenging the constitutionality of SDCL 12-5-1 as currently written. Docket 19. Defendants filed their answer in which they explained that SDCL 12-5-1 "only applies to new political parties that seek to organize *and* participate in the primary election[,]" and that "[n]ew political parties are not precluded from organizing and nominating candidates at a state convention as provided in SDCL 12-5-21." Docket 21 at 3. Plaintiffs were surprised by defendants' reading of SDCL 12-5-1. Docket 29 at 2. Plaintiffs described the defendants' reading of SDCL 12-5-1 as a "sudden change in policy" that was unlike any in recent history. *Id.*

2

at 2-3. Because the parties interpreted SDCL 12-5-1 in radically different ways, the issues surrounding plaintiffs' challenge to the statute became muddled.

During the briefing on defendants' first motion for summary judgment, defendants argued that SDCL 12-5-1 was constitutional because the statute helped the state maintain the integrity of the ballot and ensured that the Secretary of State's Office had enough time to meet its obligations. Docket 26. Plaintiffs, in part, responded that the defendants' new interpretation of SDCL 12-5-1—which allowed SDCL 12-5-21 candidates to forgo a primary election—showed that defendants had no rational interest in "confer[ring] on one set of candidates a July 11 [petition] deadline while saddling another set with a March 29 deadline." Docket 33. In essence, plaintiffs argued South Dakota could not force a political party's candidates to participate in a primary election when certain elected offices were exempt from participation. In denying defendants' motion for summary judgment, the court found that it could not "determine as a matter of law on this record that the burden imposed on the plaintiffs' right to ballot access is greater than South Dakota's interest in enforcing SDCL 12-5-1[.]" Docket 43 at 13. Additionally, the court denied summary judgment to defendants on plaintiffs' disparate treatment claim "[b]ecause South Dakota has not given any reason for the disparate treatment[.]" *Id.* at 15.

Once again motions for summary judgment are before the court. Docket 44; Docket 54. The court has not ruled on the motions for summary judgment. Plaintiffs also filed a motion for a permanent injunction that would enjoin

Secretary of State Krebs from continuing to refuse to place the names of Kent Evans and Wayne Schmidt on the upcoming general election ballot as Constitution Party Candidates for the office of United States Senate and State House, respectively. Docket 60. The court denied that motion. Docket 68. Plaintiffs now move under Fed. R. Civ. P. 60(b) for the court to reconsider its order denying the relief requested in the motion for permanent injunction.

## LEGAL STANDARD

Rule 60(b)(1) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). The rule is grounded in equity and it "is to be given a liberal construction so as to do substantial justice and 'prevent the judgment from becoming a vehicle of injustice.' " *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984)). Its purpose is "to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." *Id.* At the same time, "[r]elief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (quoting *In re Design Classics, Inc.*, 788 F.2d 1384, 1386 (8th Cir. 1986)). "Thus, relief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment. Consequently, "[r]eversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only

4

the most exceptional of cases." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (quoting *Int'l Bhd. of Elec. Workers v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002)).

## DISCUSSION

Plaintiffs, in their motion for reconsideration, argue three points: (1) this court has already addressed the disparate treatment issue; (2) the Federal Rules of Civil Procedure require this court to grant plaintiffs' requested relief because plaintiffs are entitled to relief; and (3) this court has a duty to remedy violations of federal rights. Docket 70.

### A.     The court's prior memorandum opinion and order

The court's prior order found that defendants had not shown that defendants were entitled to judgment in their favor as a matter of law on plaintiffs' disparate treatment claim. That does not mean, however, that plaintiffs' are entitled as a matter of law to summary judgment in their favor. The amended complaint focuses on the nomination of presidential candidates. Docket 19 at 7. Plaintiffs' motion for a permanent injunction, however, involves Constitution Party candidates who were not running for president. Docket 60. The relief plaintiffs now seek is outside of the parameters of plaintiffs' amended complaint regardless of this court's prior order. Plaintiffs provide no legal authority for how the court can overlook that fact. The Eighth Circuit Court of Appeals has explained that the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016). Here,

5

plaintiffs' amended complaint does not provide defendants sufficient notice of the grounds upon which plaintiffs' request a permanent injunction for candidates who are running for the United States Senate and the state House of Representatives.[1]

Furthermore, the specific relief sought by the Constitution Party could not be granted to these particular candidates because the Constitution Party complied with SDCL 12-5-1. The reason both candidates are not on the general election ballot is because they failed to comply with SDCL 12-6-1 and 12-6-4. The heart of plaintiffs' argument is that political parties should not be forced to participate in a primary. This means that plaintiffs are either: (1) challenging SDCL 12-5-21 and arguing that the listed candidates who can gain ballot access by being nominated by a party's state convention should include all candidates or (2) challenging SDCL 12-6-1 and 12-6-4 and arguing that no candidates should have to participate in a primary election. But plaintiffs' amended complaint does not challenge the constitutionality of SDCL 12-6-1, 12-6-4, or 12-5-21. It only alleges the unconstitutionality of SDCL 12-5-1, which addresses new political party recognition. The court finds that plaintiffs' requested relief is outside the parameters of their amended complaint.

---

[1] "The level of detail that should be required [in a complaint] will vary with the circumstances of different kinds of cases." 13B Charles Alan Wright et al., Federal Practice and Procedure § 3531.15 (3d ed. 2016). Here, plaintiffs are challenging the constitutionality of a state statute. Parties are generally required to be specific about which statute is being challenged. *Cf.* Fed. R. Civ. P. 5.1 (requiring parties to notify the Attorney General of the United States or state attorney general when a statute is challenged and the government is not a party).

It should also be noted that "[w]hen the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Crowell v. Benson*, 285 U.S. 22, 62 (1932). This philosophy stems from a belief that the court should "minimize the occasions on which [the court] confront[s] and perhaps contradict[s] the legislative branch." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 249 (2012). As such, the court finds that a challenge to SDCL 12-5-1 does not necessarily challenge the constitutionality of SDCL 12-6-1, 12-6-4, or 12-5-21. Thus, the scope of relief requested in the motion for permanent injunction exceeds the scope of relief that is necessary to address the claims set forth in plaintiffs' amended complaint.

**B.   Remaining Claims**

Lastly, plaintiffs argue that the Federal Rules of Civil Procedure require this court to grant plaintiffs' requested relief because plaintiffs are entitled to relief and this court has a duty to remedy violations of federal rights. Both of these arguments assume plaintiffs prevail in this litigation. The court has entered no such order. If plaintiffs do prevail on their claims as pleaded in their amended complaint, they are entitled to some form of relief, but not the terms of the permanent injunction they currently seek.

**CONCLUSION**

Plaintiffs' motion for a permanent injunction is denied because the relief requested is not related to the allegations pleaded in their amended complaint. Furthermore, the specific remedy asked for in the motion for permanent injunction is denied because it is not relief related to plaintiffs' challenge to SDCL 12-5-1. Good cause appearing, it is

ORDERED plaintiffs' motion (Docket 69) is denied.

DATED this 31st day of August, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
