IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF SOUTH DAKOTA; KEN SANTEMA, State Chair of the Libertarian Party of South Dakota; BOB NEWLAND; CONSTITUTION PARTY OF SOUTH DAKOTA; LORI STACEY, State Chair of the Constitution Party of South Dakota; JOY HOWE, Secretary of the Constitution Party of South Dakota,<br><br>Plaintiffs,<br><br>v.<br><br>SHANTEL KREBS, in her official capacity as Secretary of State of the State of South Dakota; and MARTY J. JACKLEY, in his official capacity as Attorney General of the State of South Dakota,<br><br>Defendants. | Case No. 4:15-CV-04111-LLP<br><br>**DECLARATION OF TIMOTHY W. BILLION IN SUPPORT OF PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES** |

I, Timothy W. Billion, hereby state pursuant to 28 U.S.C. § 1746, that:

1. I am an attorney with Robins Kaplan LLP and counsel for plaintiffs in this action. I have personal knowledge of the facts stated herein.

2. I graduated from the University of Minnesota School of Law in May 2013. I have been an attorney with Robins Kaplan LLP since August of 2017. I have significant experience in federal court litigation, constitutional litigation, and with the District of South Dakota.

3. My normal hourly rate is $485. Robins Kaplan LLP worked on this matter *pro bono*. For purposes of this motion for attorneys' fees, I have reduced the hourly rate sought to $250. I believe this rate is consistent with the market rate for attorneys with my background,

EXHIBIT 9

experience, reputation, and skill in the Sioux Falls, South Dakota area. Had I not worked on this case, I would have engaged in other billable work, likely at my full hourly rate of $485.

4. Beginning in August of 2017, I billed a total of 71.3 hours in this matter. My contemporaneous time records are attached as Exhibit A to the Declaration of Brendan Johnson. The time entries in my name shown in Exhibit A are accurate and complete to the best of my knowledge.

5. My hours reflected in Exhibit A were actually worked and were necessary to the prosecution of the case. Those hours were reasonable given, among other factors, the amount of work, the nature of the case, the complexity of the issues, and the result obtained for the client following a trial.

6. At the time the work was performed, I reasonably believed all my work to be reasonably necessary to the pursuit of success in this matter. My work was not unreasonably duplicative of work performed by other attorneys in this matter.

7. My time entries stop after receiving and reviewing the Court's memorandum opinion. I have not included any of my time following the Court's order, and do not seek recovery for any time after February 21, 2018, including time spent preparing this motion for attorneys' fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 18, 2018

Timothy W. Billion