UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF SOUTH DAKOTA; AARON AYLWARD, STATE CHAIR OF THE LIBERTARIAN PARTY OF SOUTH DAKOTA; BOB NEWLAND; CONSTITUTION PARTY OF SOUTH DAKOTA; LORI STACEY, STATE CHAIR OF THE CONSTITUTION PARTY OF SOUTH DAKOTA; AND JOY HOWE, SECRETARY OF THE CONSTITUTION PARTY OF SOUTH DAKOTA, | : <br> : <br> : <br> : <br> : | 4:15-CV-04111-LLP |
| Plaintiffs, | : | **DEFENDANTS' SURREPLY BRIEF TO PLAINTIFFS' REPLY BRIEF** |
| v. | : | |
| SHANTEL KREBS, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF SOUTH DAKOTA; AND MARTY J. JACKLEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, | : <br> : <br> : | |
| Defendants. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

**Introduction**

This Court entered its Order denying Defendants' Motion to Strike Plaintiffs' Reply Brief in Support of Plaintiffs' Motion for Attorneys' Fees but granting Defendants' alternative motion to be allowed a surreply to any new matters contained in Plaintiffs' Reply Brief.  (Doc. 165.) The Defendants accordingly offer this Surreply Brief.

Case No. 15-4111
Defendants' Surreply Brief to Plaintiffs' Reply Brief

## Argument

Plaintiffs argue in their Reply Brief that Defendants make "nit-picky" challenges and that they "essentially want the Court to be stingy in its award of fees[.]"  (Pls' Reply Br. at pgs. 3 and 4.)  However, after determining that a plaintiff has crossed the statutory threshold of being a prevailing party, the plaintiff and the reviewing court must still "determine whether the fee is 'reasonable,'"  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), utilizing the lodestar method and considering certain factors.  The lodestar is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*  The court then may adjust the lodestar up or down based on a number of factors.  Plaintiffs argue on page 16, footnote 3 of their Reply Brief that "the lodestar figure includes most, if not all, of the relevant [*Johnson*] factors" and does not review or discuss those factors.  Defendants urge the Court to review the *Johnson* factors discussed in Defendants' Brief in Opposition to Plaintiffs' Motion for Attorneys' Fees and also consider the prevailing market rate in the relevant community, South Dakota.

Defendants are aware as Plaintiffs argue that "[a] request for attorney's fees should not result in a second major litigation."  *Kennedy Building Associates v. Viacom*, 375 F.3d 731, 748 (8th Cir. 2004).  However, Plaintiffs are seeking nearly $800,000 in attorneys' fees and their fee request should be subject to a detailed review as a result, particularly given they are attempting to recover out-of-state rates.

The fundamental flaw in the Plaintiffs' Reply Brief is the sleight of hand they employ when they criticize Reed Rasmussen's opinions and testimony for failing to identify an attorney who would be able to take the case or handle a voting rights case.  (Pls' Reply Br. at pg. 6.)  Critically, there is a presumption in the Defendants' favor that forum rates apply.  *See Simmons*

{03112041.1}                                              2

Case No. 15-4111
Defendants' Surreply Brief to Plaintiffs' Reply Brief

*v. New York City Transit Authority*, 575 F.3d 170, 175 (2d Cir. 2009).  It is the Plaintiffs' burden

to show that, in spite of their diligent, good faith efforts, they were unable to find local counsel

able and willing to take the case.  *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).  Yet, the

Plaintiffs Reply Brief reads as if the Defendants bear the burden of establishing the presence of

competent counsel. Instead of presenting affirmative evidence that each Plaintiff made good faith

efforts to retain local counsel, the Plaintiffs rely on *Bone Shirt*  and *Cottier*, as if those decisions

are binding precedent on this Court.  Such reliance is misplaced because a party's entitlement to

out-of-state rates is a fact-dependent issue hinging on a party's ability to overcome the forum-

rates presumption.

As set forth in the Affidavit of Reed Rasmussen, the Plaintiffs' affidavits fail to establish

that they were unable to find local counsel in spite of their good faith efforts to do so.  *Emery*,

272 F.3d at 1048.  Because that showing was not made, the court should limit the relevant

community to the district where the case is tried.  *See id.*; *Avalon Cinema Corp. v. Thompson*,

689 F.2d 137 (8th Cir. 1982).

The district court in *Emery v. Hunt* calculated the lodestar for the out-of-state attorneys,

one of which was Mr. McDonald, using in-state hourly rates, rather than the higher out-of-state

rates sought.  132 F.Supp.2d 803, 809.  In *Emery*, Judge Kornmann referenced in his decision

whether he "could have retained consciousness" if he had been presented with such a fee request

as a private attorney.  *Id.* at 809-10.  On appeal, the Eighth Circuit noted that the district court

had declined to award a fee based on out-of-state rates "because it found that the plaintiffs could

have found qualified counsel inside South Dakota if they had looked."  *Emery*, 272 F.3d at 1048.

Case No. 15-4111
Defendants' Surreply Brief to Plaintiffs' Reply Brief

The Eighth Circuit determined that the district court did not abuse its discretion in its ruling

using in-state rates.  *Id.*  Similarly here, Plaintiffs are not entitled to non-forum rates.

As Judge Kornmann held in *Emery*, there are a number of attorneys in South Dakota who

would be competent to handle a Voting Rights Act case.  *Emery*, 132 F.Supp.2d at 808-09, *aff'd*

272 F.3d at 1048.  Even after Mr. Rasmussen submitted a Supplemental Affidavit, his opinions

support a finding by this Court that there are attorneys in South Dakota who have served as

counsel in voting rights litigation.  (Doc. 154.)  Defendants submit that the Court should

determine the lodestar rate to be no more than the amounts suggested by Mr. Rasmussen in his

Affidavit.

Plaintiffs argue on page 10 of their Reply Brief that the Defendants misapply the correct

standard – that "the Court awards fees for the time of one attorney when an issue does not

require the attention of multiple attorneys."  *Cox v. Reliance Standard Life Ins. Co.*, 179

F.Supp.2d 630, 636 n. 12 (E.D. Va. 2001).  Defendants have not misapplied the standard.

Defendants base their position on the opinions of Reed Rasmussen, who as Plaintiffs admit has

an admirable reputation and a firm knowledge of the State Bar.  (Pls' Reply Br. at pg. 6.)  A

court may reduce attorney hours, and consequently fees, for inefficiency or duplication of

services in cases where more than one attorney is used.  *Johnson,* 706 F.2d at 1208.   Although

the Eighth Circuit did recognize in the *Kierst* case that a civil rights plaintiff is entitled to be

represented by more than one attorney in complex litigation, that decision was based on the fact

that the district court had reduced attorney's fees *solely* on the basis that multiple attorneys

helped to secure a prevailing party's success.  56 F.3d 849, 863 (8th Cir. 1995).

Case No. 15-4111
Defendants' Surreply Brief to Plaintiffs' Reply Brief

Here, Mr. Rasmussen's opinions are persuasive that the use of two out-of-state attorneys in this case was excessive, and that one attorney, along with assistance from local counsel Brendan Johnson, would have sufficed.  This argument does not miss the point, and the Court and Defendants should not speculate as suggested by Plaintiffs on page 8 of their Reply Brief that if one lone attorney had handled the case that the Defendants would be facing a higher award.  *See also Williams v. Conagra Poultry Co.*, 113 Fed.Appx. 725 (8th Cir. 2004) (reduction when three lawyers attended mediation).

As suggested by Mr. Rasmussen, Defendants submit that the most efficient manner by which to avoid duplication is to decline any award of fees to Mr. McDonald.  Doing so would reduce Plaintiffs' fee request by at least $268,000.00.  Defendants also respectfully request the Court carefully review all counsels' time records for duplication of effort and unnecessary work.

Dated this 17th day of September, 2018.

WOODS, FULLER, SHULTZ & SMITH P.C.

By  /s/ Jennifer L. Van Anne
Jennifer L. Van Anne
Joel E. Engel III
300 South Phillips Avenue, Suite 300
Post Office Box 5027
Sioux Falls, South Dakota  57117-5027
(605) 336-3890
Attorneys for Defendants